In the Matter of JOHN LO PINTO, an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.

Third Department, July 12, 1963.

*Donald A. MacHarg* for petitioner.

*Paul R. Shanahan* for respondent.

*Per Curiam.* The evidence establishes respondent's guilt of professional misconduct consisting (1) of acts of marked and repeated disrespect to the Ithaca City Court in yelling and shouting at the Presiding Judge in the course of a noisy quarrel with the Judge and an Assistant District Attorney upon an application for bail; (2) of acts of abuse and vilification of the same prosecutor, a young and recent appointee, in open court on the same and a subsequent occasion, respondent falsely accusing him of gambling, applying to him both offensive and derisive epithets and threatening or suggesting a physical attack upon him; and (3) of abusive acts in the Cortland City Court in calling the city prosecutor a liar and exhibiting contempt for his youth and inexperience. Thus, there were clear violations of canons 1, 17 and 29 of the Canons of Professional Ethics and these on the part of a mature and skillful lawyer and without any provocation or justification whatsoever.

The proof of these acts is especially disturbing because they followed petitioner's solemn assurance to this court (in the course of an investigation into his conduct) that he would so govern himself as to avoid any misconduct similar to that of which he was then accused in rather frequently abusing and vilifying other lawyers with whom he was engaged in litigation and, indeed, in threatening and inflicting physical violence upon some of them.

We have, on the other hand, given weight to the testimony of lawyers of high standing and repute that respondent has made substantial progress in curbing these indefensible tendencies; and we have given consideration, also, to the fact that no dereliction has been shown during the three years that have elapsed since the incidents here complained of.

Respondent should be censured.

BERGAN, P. J., COON, GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Respondent censured.